UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THERON IVAN MCKIVER,

      Plaintiff,

v.                                              Case No: 6:23-cv-712-DCI

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## ORDER

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying an application for disability insurance benefits. In a decision dated January 18, 2023, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from August 26, 2021, through the date of the decision (20 CFR 404.1520(f)). R. 10; R. 24.

Having considered the parties' briefing and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **REVERSED** and **REMANDED**.

    **I.**    **Issue on Appeal**

Claimant raises one issue on appeal: whether the ALJ failed to apply the correct legal standards to Dr. Gregory E. McCarthy's (Dr. McCarthy) opinion. Doc. 19 at 4-8.

    **II.**    **Legal Standard**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards.

> Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Claimant filed the claim after March 27, 2017, so the revised regulations apply in this action.

The revised regulations require that an ALJ apply the same factors in the consideration of the opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ will assess the persuasiveness of a medical source's opinion in light of five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[1] 4) specialization and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c); 416.920c(c).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-

---

[1] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1).

Courts have found that "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019)).

**III.    Discussion**

Claimant contends that the ALJ failed to adequately address the supportability or consistency factors. Docs. 19, 22. "Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021). "Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records, and (2) consistent with the other evidence of record." *Tocco v. Comm'r of Soc. Sec.*, 2022 WL 3362863, at *7 (M.D. Fla. July 28, 2022), *report and recommendation adopted*, 2022 WL 337665

(M.D. Fla. Aug. 15, 2022) (citing Cook *v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at*3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021)).

The Court will first address Claimant's arguments related to the supportability factor and then turn to consistency.

### A. Supportability

Claimant contends that the ALJ did not adequately explain how he considered the supportability factor when evaluating Dr. McCarthy's opinion. The Court disagrees. On September 22, 2022, Claimant presented to Dr. McCarthy for a consultative evaluation (CE). R. 829-834. Dr. McCarthy opined that:

> the claimant would be capable of walking short distances on even terrain. Claimant may have difficulties walking longer distances on even terrain. Claimant would likely have difficulties walking both short and long distances on uneven terrain. Claimant may be capable of sitting, standing, and walking if done within a 1-hour period within an 8-hour day. Claimant would likely have difficulties lifting and carrying if done on more than an occasional basis. Claimant would have difficulties with bending, stooping, crouching, kneeling, and squatting. Claimant would be capable of reaching, handling, and grasping if done on an occasional basis.

R. 834. Dr. McCarthy further noted that "[c]laimant may have difficulties with gainful employment given his cardiac and musculoskeletal complaints." *Id.*

The ALJ found Dr. McCarthy's opinion to be unpersuasive and provided the following explanation:

> Following claimant's September 2022 CE, Dr. McCarthy opined the claimant "may have difficulties with gainful employment given his cardiac and musculoskeletal complaints (Exhibit 10F). In this case, the undersigned is not persuaded by this medical source opinion as it is inconsistent with and not supported in essentially all of the normal objective examniation [sic] findings documented during claimant's CE.

R. 22.

Claimant argues that the ALJ did not provide an adequate explanation as to supportability as it relates to Dr. McCarthy's opinion. Doc. 19 at 7-8; Doc. 22 at 2-4. However, the ALJ clearly articulated that Dr. McCarthy's opinion was not supported by the "normal" findings documented during Claimant's CE. R. 20; R. 22. The ALJ addressed Dr. McCarthy's "essentially normal" examination findings and noted discrepancies between those findings and the RFC assessment. *Id.* Even if the ALJ did not repeat those findings in the paragraph discussing the persuasiveness of Dr. McCarthy's opinion, the ALJ did not need to because he thoroughly discussed Claimant's CE in the preceding paragraphs. *See* R. 20; *Raper v. Comm'r of Soc. Sec.*, 2024 WL 89 F.4th 1261, 1276 (11th Cir. Jan. 3, 2024) ("Though the ALJ did not repeat his discussion of those records in the same paragraph, he thoroughly discussed those records in the immediately preceding paragraphs where he determined that the records supported a sedentary RFC. Short of re-summarizing or adding an internal citation to those paragraphs, it is hard to imagine how the ALJ could have been clearer."); *see also Davis v. Comm'r of Soc. Sec.*, 2011 WL 5826553, at *1, 13 (M.D. Fla. Nov. 18, 2011) (noting that the district court's review is limited to considering whether the ALJ's decision as a whole is supported by substantial evidence).

The ALJ may not have used the word "supportability," but the ALJ clearly found Dr. McCarthy's opinion to be inconsistent with the physician's own record. *See Vachon v. Comm'r of Soc. Sec.*, 2022 WL 458604, at *14 n.5 (M.D. Fla. Feb. 15, 2022) (finding that to the extent the ALJ may have erred in failing to say "supportability," it was harmless error because the ALJ assessed the factor) (citing *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013)). While Claimant may not agree with the ALJ's determination, the ALJ adequately articulated his consideration of this factor as it relates to Dr. McCarthy's opinion. *See Winschel*, 631 F.3d at 1178.

### B. Consistency

Claimant contends that the ALJ failed to properly discuss the consistency factor in evaluating the persuasiveness of Dr. McCarthy's opinion. In response, the Commissioner argues that the ALJ found Dr. McCarthy's opinion was inconsistent with other findings in the record which the ALJ found largely persuasive.

The Court is unable to conclude that the ALJ considered the consistency of Dr. McCarthy's medical opinion. The ALJ only provides the statement that Dr. McCarthy's opinion was "inconsistent with and not supported in essentially all of the normal examnation [sic] findings documented during claimant's CE." R. 22. The ALJ's entire persuasiveness analysis is focused on a comparison between Dr. McCarthy's opinion and Dr. McCarthy's own record. Completely absent from the discussion is how Dr. McCarthy's opinion relates to any other portion of the medical record. *See Tocco*, 2022 WL 3362863, at *7. The ALJ is required to discuss how a medical source's opinion is consistent with other evidence within the record. Accordingly, the ALJ failed to adequately articulate consideration of consistency.[2]

While the Court agrees with the Commissioner that the ALJ's statement concerning Dr. McCarthy should not be read in isolation, and that the decision should be considered as a whole[3],

---

[2] The Commissioner's post-hoc justifications for the ALJ's failure to adequately consider the consistency of Dr. McCarthy's opinion are unpersuasive. Doc. 21 at 8-12. The Commissioner points to other aspects of the record that might lend support to the ALJ's RFC assessment and decision. *Id.* However, this supposed support does not cure the ALJ's error of failing to adequately assess consistency, and post-hoc justifications for the ALJ's decision are without merit. *See Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) ("We cannot affirm based on a post hoc rationale that might have supported the ALJ's conclusion.") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) and *Winschel*, 631 F.3d at 1179).

[3] *See Raper*, 89 F.4th at 1276; *see also Davis*, 2011 WL 5826553, at *1 (noting that the district court's review is limited to considering whether the ALJ's decision as a whole is supported by substantial evidence).

the ALJ's analysis concerning Dr. McCarthy is entirely void of any discussion of, or citations to, the rest of the medical record, and as such, the Court cannot readily assess whether the ALJ considered the consistency factor in addressing the persuasiveness of Dr. McCarthy's opinion. Although the ALJ discusses other findings prior to the ALJ's statement concerning the persuasiveness of Dr. McCarthy's findings, it is not clear from the ALJ's opinion which evidence in the record the ALJ considered to be inconsistent with Dr. McCarthy's findings.

Further, the Court "cannot say that the failure to address [the medical] opinion was harmless without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ." *Vicente v. Comm'r of Soc. Sec.*, 2023 WL 2864407, at *6 (M.D. Fla. Apr. 10, 2023) (citing *Nyberg v. Comm'r of Soc. Sec.*, 179 F.App'x 589, 592 (11th Cir. 2006) (per curiam)). "The ALJ must consider all the claimed expert, medical opinions in the record and must specify the weight—including no weight, if applicable—given to each purported medical opinion and the reasons therefor." *Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462, 464 (11th Cir. 2020) (citing *Winschel*, 631 F.3d at 1179)). At a minimum, Dr. McCarthy's opinion is relevant to, and probative of, the resulting RFC. R. 20-23.

### IV. Conclusion

Accordingly, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner.

**ORDERED** in Orlando, Florida on May 6, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE